STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-12-53
TDW - CUM - 3/15/2013

NICHOLAS STEIN,

Plaintiff

v.                                                              ORDER

CRIMINAL JUSTICE ACADEMY BOARD
OF TRUSTEES,

Defendant

Before the court is plaintiff Nicholas Stein's motion for the taking of additional evidence pursuant to M.R.Civ.P. 80C(e).

Specifically, the additional evidence that Stein seeks to have the court consider in connection with his appeal involves evidence as to the actions of the Criminal Justice Academy Board of Trustees with respect to suspension or revocation of certificates of eligibility of other corrections officers.[1]

Stein's initial motion outlined the general subject matter of the additional evidence he sought but did not contain an offer of proof that set forth what he expected to prove. In his reply memorandum, however, Stein asserted that there were four similarly situated corrections officers who had also been alleged to have assaulted inmates and that those individuals had received "much shorter, if any, suspensions of their certificates of eligibility." Reply Memorandum dated December 24, 2012 at 2-3. In

---

[1] In his original motion Stein stated that he was seeking additional evidence relating to the entire decision-making process of the Board in the other cases. Motion to Take Additional Evidence filed December 3, 2012 ¶ 9. However, he thereafter clarified that he is not seeking evidence as to the mental processes of the Board members but only the record of Board actions in those other cases. Id. ¶ 12; Reply Memorandum dated December 24, 2012 at 3.

essence, therefore, Stein seeks additional evidence to prove that he was subjected to a longer suspension than similarly situated individuals.

This is a very general offer of proof, especially since Stein admits that he does not have more detailed information with respect the four officers who he alleges are similarly situated. Reply Memorandum dated December 24, 2012 at 3. Whether the circumstances of the alleged assaults in the other cases bear any resemblance to the circumstances involving Stein, therefore, is not known and in that respect Stein appears to be engaged in a fishing expedition.

Even assuming that Stein's offer of proof is sufficient and that his request does not constitute a fishing expedition, Stein's motion to take additional evidence is denied for three reasons:

1. Plaintiff did not seek to offer the additional evidence he now seeks – records relating to suspensions or revocations of certificates of eligibility of other corrections officers – at the administrative level. Issues not raised at the administrative level are not preserved for appellate review. New England Whitewater Center v. Department of Inland Fisheries and Wildlife, 550 A.2d 56, 58 (Me. 1998).[2]

2. Under 5 M.R.S. § 11006(1)(B) a court may order the taking of additional evidence before the agency if the evidence "could not have been presented or was erroneously disallowed in the proceedings before the agency." Assuming that evidence relating to proceedings involving other corrections officers would have been available and would have been material to the proceedings involving Stein, Stein has not demonstrated that he could not have presented such evidence before the agency.

---

[2] Although this issue is only mentioned obliquely by the Board, evidence relating to other correction officers – except for written decisions at the conclusion of adjudicatory proceedings – appears to be subject to statutory confidentiality pursuant to 25 M.R.S. § 2806(8) and it is not necessarily clear that Stein would have the right to access such evidence.

2

3. To allow Stein to convert this administrative appeal into an exercise comparing and contrasting his case to the cases of other corrections officers would go far beyond the role of the court in judicially reviewing administrative actions under Rule 80C. See Hall v. Board of Environmental Protection, 498 A.2d 260, 266 (Me. 1985).[3] Moreover, even assuming that the Board imposed a more severe sanction on Stein in this case than it imposed on other corrections officers in past cases, that would not be a basis to reverse the decision here. The Board is entitled to conclude either than Stein's behavior was more egregious than that of other corrections officers or that its prior sanctions had been too lenient. If the Board were required to be lenient in this case because it had previously been lenient, it would never be able to conclude that it had been too lenient in the past and that repeated instances of assaults on inmates required a change in policy to more severe discipline.

The entry shall be:

    Plaintiff's motion to take additional evidence is denied.

    Plaintiff's brief is due within 40 days from the date of this order. The Board's brief is due 30 days after service of plaintiff's brief. Plaintiff shall have 14 days after service of the Board's brief in which to file a reply brief.

    The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 15, 2013

Thomas D. Warren
Justice, Superior Court

---

[3] To the extent that Stein were to argue that the Board's actions in this case constituted selective prosecution in violation of equal protection, he would have to show at a minimum that the Board was motivated by a discriminatory purpose, Polk v. Town of Lubec, 2000 ME 152 ¶ 14, 756 A.2d 510, and he has made no offer of proof to that effect.

3

Date Filed __10-25-12__    CUMBERLAND      Docket No. __AP-12-53__

County

Action __80C APPEAL__

NICHOLAS STEIN        BOARD OF TRUSTEES, MAINE CRIMINAL
JUSTICE ACADEMY

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| KRISTINE HANLY ESQ<br>VINCENT KANTZ PITTMAN & THOMPSON<br>44 EXCHANGE ST<br>SUITE 301<br>PORTLAND ME 04101 | DENNIS SMITH, ESQ.<br>ASSISTANT ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006 |

Date of
Entry

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-12-53
TDW CUM- √9/17/2013

NICHOLAS STEIN,

Plaintiff

v.

ORDER

MAINE CRIMINAL JUSTICE ACADEMY
BOARD OF TRUSTEES,

Defendant

STATE OF MAINE
Cumberland ss. Clerk's Office

SEP 17 2013

RECEIVED

Before the court is an appeal by Nicholas Stein from a September 21, 2012 decision of the Maine Criminal Justice Academy Board of Trustees adopting the recommended decision of Hearing Examiner James E. Smith and suspending Stein's certificate of eligibility to act as a correctional officer for one year. The recommended decision found that Stein had engaged in conduct in violation of state law by assaulting an inmate at the Cumberland County Jail on June 17, 2011.[1]

The recommended decision of the hearing officer followed two days of hearings at which the hearing officer heard testimony from Stein, from two supervisors at the Cumberland County Jail, and from another corrections officer. A number of exhibits, including photographic and video evidence, were also admitted at the hearing.

The Criminal Justice Academy Board of Trustees had originally proposed to revoke Stein's certificate in its entirety, State's Ex. Tab 3, but the hearing officer

---

[1] The recommended decision is found at Tab 1 in the volume of the administrative record containing decisions and pleadings. The administrative record consists of four volumes: the one containing decisions and pleadings, one containing the transcripts of hearings held on May 7, 2012 and June 11, 2012, one containing exhibits offered by the State at the hearings, and one containing exhibits offered by Stein at the hearings.

recommended that a one year suspension be imposed instead. Recommended Decision at 10.

Standard of Review

Under Rule 80C and 5 M.R.S. § 11007(4)(C), an agency's decision will be reviewed for abuse of discretion, error of law, or findings not supported by substantial evidence in the record. E.g., Rangeley Crossroads Coalition v. Land Use Regulation Commission, 2008 ME 115 ¶ 10, 955 A.2d 223, 227.[2] The court may not substitute is own judgment for that of the agency and must affirm findings of fact if they are supported by substantial evidence in the record. Id.; 5 M.R.S. § 11007(3). As the party challenging the agency's decision, Stein bears the burden of proof on this appeal. Friends of Lincoln Lakes v. Board of Environmental Protection, 2010 ME 18 ¶ 15, 989 A.2d 1128.

The court has reviewed the record and concludes that there is substantial evidence to support the hearing officer's findings that Stein's certificate should be suspended because on June 17, 2011 Stein engaged in conduct constituting an assault within the meaning of 17-A M.R.S. § 207 by recklessly causing bodily injury and offensive physical contact to inmate Brian Cote.

Recklessness

There is no dispute that Stein was working as a correctional officer in the 72 hour pod when Cote jumped feet first from the top rail of the second deck and landed on the floor near Stein. There was evidence that before he jumped Cote had made a statement

---

[2] Agency decisions may also be reversed for constitutional or statutory violations, if they are in excess of statutory authority, or are made upon unlawful procedure. 5 M.R.S.§ 11007(C)(1)-(3). Stein does not raise any issues of this nature on this appeal.

2

to the effect that he was going to jump in an attempt to kill himself. June 11, 2012 Tr. 150. In response Stein said, "Well, all you're going to do is break your ankles." Id.

Stein heard Cote's ankle bones break when Cote landed on the concrete floor; he saw Cote lying on the floor screaming in pain and knew Cote was injured. State's Ex. 6 at p. 46; June 11, 2012 Tr. 41, 155. There is also no dispute that Stein then handcuffed Cote and dragged Cote by the shirt collar, with Cote's injured feet dragging along behind, for a distance of 127 feet to the medical unit. State's Ex. 6 at p. 46; State's Ex. 10; State's Ex. 22; June 11, 2012 Tr. 151-52; May 7, 2012 Tr. 64-65. While dragging Cote, Stein repeatedly asked Cote, "Was it worth it?" May 7, 2012 Tr. 72; June 11, 2012 Tr. 54.

While Stein challenges the determination that he acted recklessly, Stein knew from his corrections and EMT training that, in addition to injuries to his ankles, Cote could have sustained injuries to his back that would have called for the use of a back board and that dragging Cote could have caused him additional injury and pain. June 11, 2012 Tr. 42-44. Moreover, there was evidence that as he was being dragged, Cote was screaming, crying, and attempting to protect his feet. May 7, 2012 Tr. 73; June 11, 2012 Tr. 57; State's Ex. 7 at p. 62. This is consistent with video and still photographic evidence reflecting that Cote's face was contorted in pain, State's Ex. 10 (med unit video); State's Ex. 30, and that as he was dragged, Cote's pants pulled down and his bare buttocks were in contact with the floor. State's Ex. 10; State's Ex. 27-29.

From this evidence the hearing officer was entitled to find by a preponderance of the evidence that as Stein was dragging Cote across the floor, Stein was consciously disregarding a risk that his actions were causing bodily injury and offensive physical contact to Cote. From the same evidence the hearing officer was entitled to find by a preponderance that Stein's disregard of the risk represented a gross deviation from the

3

standard of conduct that a reasonable and prudent person would have observed in the same situation. See May 7, 2012 Tr. 131 and Stein's own admission that his conduct constituted a "big deviation" from his training. June 11, 2012 Tr. 50.

Conscious disregard of risk and gross deviation from any reasonable and prudent standard of conduct are sufficient to establish recklessness within the meaning of 17-A M.R.S. §§ 35(3)(A) and (C), which is the required culpable mental state for assault under 17-A M.R.S. § 207.

Stein argues that the hearing officer incorrectly applied an objective standard in determining that Stein had consciously disregarded a risk of bodily injury or offensive physical contact. The hearing officer was not required to find Stein had not consciously disregarded the risk simply because Stein testified that he had been so shocked by Cote's jump that his training went out the window and he had simply attempted to bring Cote straight to the medical unit to receive medical attention. As the finder of fact, the hearing officer was entitled to infer from the evidence that Stein had consciously disregarded a risk of bodily injury or offensive physical contact even if Stein did not admit to having consciously disregarded that risk. See, e.g., Alexander, Maine Jury Instruction Manual § 6-39 (2013 ed.) (mental state often cannot be proven directly but fact-finder can infer state of mind from surrounding circumstances).

Thus, there is substantial evidence to support the hearing officer's express finding that Stein "consciously disregarded the risk by dragging the unsupported inmate 127 feet across the concrete floor." Recommended Decision at 7. The hearing officer correctly set forth the statutory definition of recklessness as "conscious disregard of risk", id. at 2-3, and must be presumed to have followed that definition. His reference in the next sentence to whether a reasonable person would have recognized the risk does not demonstrate that he was applying an incorrect standard. That reference is

4

directed to the second aspect of recklessness. – the existence of a gross deviation from the standard of conduct that a "reasonable and prudent person" would have observed. 170-A M.R.S. § 35(3)(C). Before it can be determined whether there has been a gross deviation, it is first necessary to determine the standard of conduct that a reasonable person would have observed.

## Bodily Injury and/or Offensive Physical Contact

The evidence previously discussed also constitutes substantial evidence to support the hearing officer's finding that Stein's actions – in dragging Cote 127 feet along a concrete floor by his shirt collar at a time when Cote was crying out in pain from two broken ankles – more likely than not caused additional pain to Cote. Recommended Decision at 9. Bodily injury is defined to include physical pain, 17-A M.R.S. § 2(5), and conduct that causes physical pain therefore meets the bodily injury element of assault.

Indeed, on this record the court cannot discern any reasonable basis for Stein's argument that there is insufficient evidence to support a finding of bodily injury. There is also more than sufficient evidence in the record to support the hearing officer's alternative finding of offensive physical contact. See Recommended Decision at 9 (finding that a reasonable person would have been offended and felt their dignity violated by being dragged along the floor like a sack of potatoes with their buttocks at least partially exposed).

## Arbitrary and Capricious

Stein's final argument is that it was arbitrary and capricious for the Board to suspend Stein's certificate of eligibility without taking similar action against Corrections

5

Officer Avila, who was present when Cote jumped and who the hearing officer found "froze" and did not attempt to stop Stein from dragging Cote to the medical unit. Recommended Decision at 4-5, 10.

The distinction between Stein and Avila is not arbitrary or capricious. Stein committed an assault by dragging an injured inmate 127 feet along the floor, causing bodily injury and offensive physical contact – conduct that met the elements of assault. Avila, who "froze," did not engage in any conduct that resulted in bodily injury or offensive contact.

The entry shall be:

The decision of the Maine Criminal Justice Academy Board of Trustees is affirmed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September ___17___, 2013

Thomas D. Warren
Justice, Superior Court

6

Date Filed __10-25-12__   __CUMBERLAND__   Docket No. __AP-12-53__
                              County

Action __80C APPEAL__

 

    NICHOLAS STEIN                    BOARD OF TRUSTEES, MAINE CRIMINAL
                                       JUSTICE ACADEMY

 

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| KRISTINE HANLY ESQ<br>VINCENT KANTZ PITTMAN & THOMPSON<br>44 EXCHANGE ST<br>SUITE 301<br>PORTLAND ME 04101 | DENNIS SMITH, ESQ.<br>ASSISTANT ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006 |
| Date of<br>Entry | |